UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OLIVER BIBIANO-MAYO,<br><br>Defendant. | Case No.: 3:19-mj-23205-FAG-BTM<br><br>**ORDER OF AFFIRMANCE** |

On August 5, 2019, Defendant Oliver Bibiano-Mayo ("Defendant"), who is a citizen of Mexico, was arrested by a United States Border Patrol agent approximately two miles east of the Otay Mesa, California Port of Entry.[1] (ECF No. 1, at 2.) On August 6, 2019, the Government filed a complaint charging Defendant with misdemeanor attempted improper entry by an alien in violation of 8 U.S.C. § 1325(a)(1) and Defendant made his initial appearance before the Magistrate Judge that same day. (ECF No. 3; *see also* ECF No. 5 (Detention Order).)

On August 9, 2019, Defendant, represented by appointed counsel, appeared before the Magistrate Judge for a change of plea hearing, at which he pled guilty

---

[1] Defendant was arrested "approximately one hundred yards north of the United States/Mexico International Boundary." (ECF No. 1, at 2.)

to one charge of attempted improper entry of an alien in violation of 8 U.S.C. § 1325(a)(1). (ECF Nos. 7, 12.) Prior to Defendant's change of plea, the Magistrate Judge engaged Defendant in a colloquy and advised him of his constitutional rights and confirmed that he wished to waive those rights by pleading guilty. (ECF No. 12, at 5-12.) The Magistrate Judge also advised Defendant of the elements of the misdemeanor offense of attempted improper entry by an alien under 8 U.S.C. § 1325(a)(1) and the maximum penalties thereunder. (*Id.* at 10, 13-15.)

Specifically, the Magistrate Judge advised Defendant that the elements of his charge were:

> First, the defendant was at the time of the defendant's attempted entry into the United States – was an alien; that is, a person who is not a natural-born or naturalized citizen or national of the United States. Second, that the defendant had a specific intent to enter the United States at a time and place other than designated by the immigration officers. Third, defendant also had the specific intent to enter the United States free from official restraint, meaning the defendant intended to enter without being detected, apprehended, or taken into custody by the Government authority so that he could roam freely in the United States. Fourth, defendant did something that was a substantial step towards committing the offense that strongly corroborated the defendant's intent to commit the crime.

(*Id.* at 13.) Defendant's counsel objected to the Magistrate Judge's recitation of the charge's elements, however, arguing "the defendant must also know that he was an alien at the time of the offense." (*Id.* at 14.) The Government stated that it had "no objection" to asking Defendant whether he knew he was an alien at the time he attempted entry. (*Id.* at 15.) Nevertheless, the Magistrate Judge concluded that Defendant's knowledge of his alienage at the time of the offense was not an element of the § 1325(a)(1) charge and "was not willing to ask any additional questions of [Defendant] other than those that are factually based as to the elements as [it had] set them out[.]" (*Id.* at 14-15.)

Defendant testified that he understood the Magistrate Judge's recitation of the elements of his charge. (*Id.* at 13-14.) Defendant further testified as to the

factual basis of his charge, namely that he: (i) "crossed the border from Mexico into the United States at a place other than a designated Port of Entry"; (ii) was not "a citizen or national of the United States of America" at such time; (iii) "intend[ed] to enter the United States at a place other than a designated Port of Entry"; and (iv) "intend[ed] to enter the United States without being detected, apprehended, or taken into custody by Government authorities so that [he] could roam freely in the United States[.]" (*Id.* at 15-18.)  Defendant then plead guilty to one count of attempted improper entry by an alien in violation of 8 U.S.C. § 1325(a)(1).  (*Id.* at 18.)  After finding that Defendant's plea was made knowingly, voluntarily, and upon a sufficient factual basis, the Magistrate Judge accepted Defendant's guilty plea and sentenced him to 30 days of incarceration. (*Id.* at 19-22.) That same day, the Magistrate Judge entered judgement (the "Judgment") against Defendant. (ECF No. 7.)

On August 13, 2019, Defendant timely filed his notice of appeal as to the Judgment. (ECF No. 9.)  In the instant appeal, Defendant argues that the Judgment and his underlying conviction must be vacated because: (1) § 1325(a)(1) is unconstitutional because it violates the non-delegation doctrine; (2) § 1325(a)(1) is unconstitutionally vague; and (3) the Magistrate Judge violated Federal Rule of Criminal Procedure Rule 11(b)(1)(G) by failing to advise Defendant of the correct elements of his charged offense and therefore his guilty plea was not knowing and voluntary.  (ECF No. 15.)

The Court has jurisdiction to review Defendant's conviction and the Judgment pursuant to 18 U.S.C. § 3402.[2]  The adequacy of the Magistrate Judge's recitation of the elements of a charged offense is reviewed *de novo*.  *See United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) ("The adequacy of a Rule 11

---

[2] The Magistrate Judge had jurisdiction over the underlying matter pursuant to 18 U.S.C. § 3401(a).

plea colloquy is subject to *de novo* review." (citations omitted)).  Because Defendant failed to raise his constitutional challenges prior to the instant appeal, they normally would be reviewed for plain error.  *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012) ("We review the constitutionality of a statute as a matter of law *de novo*. . . . However, constitutional issues not originally raised at trial are reviewed for plain error." (citations omitted)); *see also* Fed. R. Civ. P. 52(b). Nevertheless, because Defendant's instant constitutional challenges fail regardless of the standard of review, the Court has utilized the more favorable *de novo* standard requested by Defendant.[3]

The Court has recently analyzed and rejected the exact same arguments presently raised by Defendant in the matter of *United States v. Vazquez-Sanchez*, ECF No. 3:19-mj-23193-FAG-BTM, ECF No. 23 (S.D. Cal. May 11, 2020). The Court adopts and incorporates its analysis and reasoning set forth in the *Vazquez-Sanchez* decision and concludes that Defendant has failed to demonstrate § 1325(a)(1) violates the non-delegation doctrine or is void for vagueness or that the

---

[3] Despite admitting that he "did not raise these constitutional issues below[,]" Defendant argues the Court should review them *de novo*. (ECF No. 15, at 10-11; ECF No. 21, at 5.)  In support, Defendant cites *United States v. Parker*, 761 F.3d 986 (9th Cir. 2014) and *United States v. Gilbert*, 813 F.2d 1523 (9th Cir. 1987). Yet neither *Parker* nor *Gilbert* directly addressed the standard of review of constitutional challenges raised for the first time on appeal and therefore they are inapposite.  *See United States v. Corrales-Vazquez*, 931 F.3d 944, 954 (9th Cir. 2019) ("Cases are not precedential for propositions not considered or for questions which merely lurk in the record." (internal quotations, citations, and alterations omitted)).  In the alternative, Defendant argues that "the [G]overnment has waived its reliance on the plain-error doctrine by not briefing it." (ECF No. 21, at 5-6 (citing *United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012).)  While Defendant overstates the holding of *Castillo-Marin*, the Court acknowledges that the Government's briefing does not delineate the application or consequence of the plain error standard to the instant constitutional challenges.  (*See also* ECF No. 18, at 9 ("Under any standard, . . . [Defendant] has not shown that § 1325(a)(1) is unconstitutional.").)

Magistrate Judge committed any error in his Rule 11 plea colloquy with Defendant.

Accordingly, the Court **AFFIRMS** Defendant's conviction by the Magistrate Judge and the Judgment (ECF No. 7) entered thereon.

**IT IS SO ORDERED.**

Dated: June 15, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge